IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNIVEST CAPITAL, INC. :
    Plaintiff,
                                                                                                                 CIVIL ACTION
        v. : NO. 17-1192

AKIODE TRANSITIONS MHT LLC;
OLADIMEJI AKIODE; and, :
ASCENTIUM CAPITAL, LLC
    Defendants.

**MEMORANDUM**

**Jones, II     J.**                                                                            **September 6, 2017**

**I.     Introduction**

Currently pending before this Court are Defendant Akiode and Individual Physician Defendants' Motions to Dismiss and/or Transfer Venue (ECF Nos. 14, 17.)[1,2] Upon

---

[1]    On May 5, 2017, the above-captioned matter was consolidated for pretrial purposes only with: *Univest Capital, Inc. v. Asadi Transitions MHT LLC, et al.*, No. 17-CV-1193 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Baird Transitions MHT LLC, et al.*, No. 17-CV-1194 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Belay Transitions MHT LLC, et al.*, No. 17-CV-1195 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Bhagia Home Visits MHT LLC, et al.*, No. 17-CV-1196 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Chon Transitions MHT LLC, et al.*, No. 17-CV-1197 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Cox Transitions MHT LLC, et al.*, No. 17-CV-1198 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Dellavecchia Trancare MHT LLC, et al.*, No. 17-CV-1199 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. George MHT LLC, et al.*, No. 17-CV-1200 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Hansen MHT LLC, et al.*, No. 17-CV-1201 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Hassan Transitions MHT LLC, et al.*, No. 17-CV-1202 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Knutson Transitions MHT LLC, et al.*, No. 17-CV-1203 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Naidu MHT LLC, et al.*, No. 17-CV-1204 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Orendorff MHT LLC, et al.*, No. 17-CV-1205 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Pamganamamula MHT LLC, et al.*, No. 17-CV-1206 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Peters Chronic MHT LLC, et al.*, No. 17-CV-1207 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Sagel Transitions MHT LLC, et al.*, No. 17-CV-1208 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Vadyala Transitions MHT LLC, et al.*, No. 17-CV-1209 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Yu Home Visits MHT LLC,* et

consideration of said Motions in conjunction with Plaintiff's Response, this Court finds that it is in the interests of justice to transfer this case (as well as all matters consolidated therewith) to the United States District Court for the Northern District of Texas. Accordingly, Defendants' Motions to Transfer Venue shall be granted.

**II.     Background**

This matter arises from contracts for loans Plaintiff entered into with individual doctors and their guarantors. Said Defendants allegedly defaulted on the loans and are now claiming insolvency.[3]

Plaintiff, a business with its principal place of business in Bensalem, Pennsylvania and incorporated in Pennsylvania, entered into these contracts with Defendants— none of whom reside or conduct business in Pennsylvania. Instead, most of the defendants are located, or conduct their business, in Texas. In fact, it is in Texas, where numerous Defendants in this case have several class actions currently pending, all of which directly involve the underlying facts of this case.[4] Subsequent to three of those lawsuits being filed, Plaintiff herein commenced twenty-six law suits in this District, against the same parties. Because of the related nature of the Texas

---

*al.*, No. 17-CV-1210 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Zmans Chronic MHT LLC, et al*., No. 17-CV-1211 (E.D. Pa. filed March 17, 2017); *Univest Capital, Inc. v. Blair Transitions MHT LLC, et al.*, No. 17-CV-1322 (E.D. Pa. filed March 24, 2017); *Univest Capital, Inc. v. Leos Home Visits MHT LLC, et al.*, No. 17-CV-1323 (E.D. Pa. filed March 24, 2017); *Univest Capital, Inc. v. Chien Transitions MHT LLC, et al.*, No. 17-CV-1325 (E.D. Pa. filed March 24, 2017); *Univest Capital, Inc. v. Harralson Transitions MHT LLC, et al.*, No. 17-CV-1326 (E.D. Pa. filed March 24, 2017); *Univest Capital, Inc. v. Frankenfeld Home Visits MHT LLC, et al.*, No. 17-CV-1327 (E.D. Pa. filed March 24, 2017); *Univest Capital, Inc. v. Datta Transitions MHT LLC, et al.*, No. 17-CV-1328 (E.D. Pa. filed March 24, 2017).
[2]   Inasmuch as the same attorney is representing Defendant Akiode, as well as all Individual Physician Defendants, she relies upon the language of the brief filed on behalf of the Individual Physician Defendants (ECF No. 17) to support Akiode's Motion (ECF No. 14).
[3]   *See* Suggestion of Bankruptcy (ECF No. 21).
[4]   Various Defendants in this case have also commenced litigation against Plaintiff in the Circuit Court for the County of Kent in Michigan. (Indv. Defs.' Br. Supp. Mot. Ex. B.)

lawsuits that were filed before the instant lawsuit was commenced and/or notice of same was served upon all Defendants, United States District Judge Sam A. Lindsay of the Northern District of Texas in Dallas determined that consolidation was appropriate and is currently presiding over all such matters. (Indv. Defs.' Br. Supp. Mot. Ex. F.)

### III. Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been made in the correct forum." *Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). "The burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The court should consider the following factors when weighing a request to transfer venue on the basis of convenience, including:

> [T]he plaintiff's forum preferences; Defendant's preferences; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records...[e]nforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies at the fora, and the familiarity of trial judges with the state law for diversity cases.

*Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). "Whether to transfer a case is generally committed to the discretion of the district courts." *In re United States*, 273 F.3d 380, 387 (3d Cir. 1995).

## IV.     Discussion

Under 28 U.S.C. § 1391(b), venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For purposes of § 1391(b), a corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

In support of maintaining the instant ligation in this District, Plaintiff relies upon the Forum Selection Clause contained within the contracts signed by Defendants. Said Clause reads in pertinent part as follows:

> THIS IPA SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES. YOU AGREE THAT ANY ACTION OR PROCEEDING TO WHICH WE ARE A PARTY ARISING DIRECTLY OR INDIRECTLY FROM THIS IPA SHALL BE LITIGATED, **AT OUR OPTION**, IN ANY STATE OF FEDERAL COURT HAVING SITUS WITHIN BUCKS COUNTY, PENNSYLVANIA AND THAT SAID COURT SHALL HAVE EXCLUSIVE JURISDICTION THEREOF. YOU WAIVE ANY RIGHT TO A TRIAL BY JURY.

(Compl. Exs. A, B) (emphasis added).[5,6]

The above clause provides Plaintiff with the *option* to litigate in Bucks County, Pennsylvania, thereby rendering it "permissive." *See Synthes, Inc. v. Knapp,* 978 F. Supp. 2d 450, 459-460 (E.D. Pa. Oct. 11, 2013) ("A permissive [forum selection clause] does not limit the forum, but simply authorizes venue in a particular forum."). As is the situation in this case, "[b]ecause the language is not mandatory, we do not accord the provision significant weight" for

---

[5] The font utilized in the contracts at issue appears to be no larger in size than that set forth herein. Further, the Forum Selection Clause was presented in capitalized text in the originals.
[6] Defendants argue that some of the alleged signatures on the IPAs were forgeries. For the reasons set forth below, this Court need not reach said issue when conducting the instant analysis.

purposes of considering whether a transfer of venue is appropriate. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d at 460.

Additionally, the Forum Selection Clause at issue provides in part that legal matters arising between the contracting parties "shall be litigated, at [Plaintiff's] option, in any state of federal court ***having situs within Bucks County, Pennsylvania*** and that said court shall have exclusive jurisdiction thereof." (Compl. Exs. A, B) (emphasis added). Plaintiff commenced this action in a court that does not have situs in Bucks County. As such, Plaintiff's reliance on the Clause to defeat Defendants' request for a transfer of venue, is not dispositive of the issue, as Plaintiff so suggests. Instead, Plaintiff's forum choice is but one factor for this Court to consider and again, is given less weight because of its permissive nature.

Notwithstanding the nature of the Forum Selection Clause, Plaintiff herein has selected a forum in which "none of the operative facts giving rise to the suit occurred." *Cable v. Allied Interstate, Inc.*, Civ. No. 12-96, 2012 U.S. Dist. LEXIS 67111, at *7 (E.D. Pa. May 11, 2012). Courts are generally inclined to adjudicate actions in the district where the events giving rise to the action occurred. *See Cottman Transmissions Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) ("The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim'..."). As such, Plaintiff's choice afforded less weight. *Cable*, 2012 U.S. Dist. LEXIS 67111, at *6.

Additionally—and perhaps most compelling here,

> Where a related action is pending in another forum, the plaintiffs' choice is entitled to less deference. *See QVC*, 2012 U.S. Dist. LEXIS 108882, 2012 WL 3155471, at *4. Where the action would likely be consolidated with the related action in the transferee district, transfer serves the interests of justice because it avoids potential inconsistent results. 2012 U.S. Dist. LEXIS 108882, [WL] at *5; *see also Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the

5

> wastefulness of time, energy and money that § 1404(a) was designed to prevent.") (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)). The "presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of the parties and witnesses, would suggest the opposite." *Villari*, 2009 U.S. Dist. LEXIS 54198, 2009 WL 1845236, at *5 (citations omitted).

*Synthes,* 978 F. Supp. 2d at 459 (E.D. Pa. Oct. 11, 2013).

In light of the foregoing, the deference ordinarily afforded to a plaintiff's chosen forum is greatly diminished in this particular case.

With respect to the remaining factors, this Court is mindful that Defendants' chosen forum is ordinarily "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003). However, Defendants' preference, coupled with this Court's findings regarding the first factor, weigh in favor of transfer.

Next—and as briefly touched upon above— "[w]hen the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, Civ. No. 09-2196, 2009 U.S. Dist. LEXIS 62644, at *8 (E.D. Pa. July 21, 2009); *see also Hayes v. Transcor America, LLC*, Civ. No. 08-293, 2009 U.S. Dist. LEXIS 53074, at *15 (E.D. Pa. June 23, 2009) (holding that transfer was substantially favored because "the vast majority of the acts or omissions giving rise to Plaintiff's claims...occurred outside this District."). Again, none of the breach of contract claims at issue herein, arose in Pennsylvania. Most of the Defendant Physicians reside in, and practice medicine in, Texas. The money loaned by Plaintiff was for purposes of establishing new businesses located primarily in Texas and in fact, none of the businesses were to be (or are) located in Pennsylvania. The contracts were not

executed in Pennsylvania and none of the alleged breaches occurred in Pennsylvania. Instead, Plaintiff worked with representatives from America's MHT, Inc. ("MHT"), who traveled to each doctor's location to market the Medical Home Team Services Program ("MHT Program") and execute the contract between Defendants and Plaintiff—the financial provider for the MHT Program.

Moreover, because litigation involving the same core facts and many of the same parties is already underway in Texas, it would be more convenient for the vast majority of those involved, if this matter was to be litigated in Texas. Plaintiff—a corporation conducting business throughout the United States—is already engaged (to varied extents) in litigation occurring primarily in Texas. Conversely, Defendant Physicians work and live primarily in Texas and are not engaged in any other litigation in Pennsylvania. As such, it would be financially inequitable to require all the Defendants named in the twenty-six lawsuits consolidated herewith, to travel to Pennsylvania to defend themselves.

Next, a court may consider the convenience of the witnesses insofar as a choice of forum would cause a witness to be actually unavailable for trial. *Jumara*, 55 F.3d at 879. Although Defendants have the burden of establishing who would be unavailable for trial, they have not done so here. Instead, they cite to the cases pending in Texas to establish that "many of the same parties" are involved therein. (Defs.' Br. Supp. Mot. 22.) Since inconvenience is not tantamount to unavailability, this factor does not weigh in favor of Defendants.

With respect to the location of books and records, Defendants do not specifically speak to this issue, but again refer to the numerous other lawsuits pending in Texas. In light of Judge Lindsay's consolidation Order,[7] this Court can reasonably presume that most, if not all, relevant

---

[7] Indv. Defs.' Br. Supp. Mot. Ex. F.

books and records are located in Texas and could not be easily acquired and transported to Pennsylvania.

As to the enforceability of any judgment, Plaintiff would suffer no prejudice by having any potential judgment enforced in Texas. In fact, any judgment would be more easily enforceable in that forum, as most of the defendants reside and/or conduct business in Texas, while none do so in Pennsylvania.

Reaching the issue of practicality, Judge Lindsay is already presiding over the related matters involving many of the same parties as this case,[8] thereby rendering transfer not only practical, but a means by which to promote efficiency and reduce expenses for all involved. Because Judge Lindsay currently has these other matters on his docket, any potential administrative difficulties resulting from court congestion are minimal. At least one related Texas case involves a RICO claim. An issue of fraud concerning potential forgeries involving some of the same parties is being raised in this litigation. This controversy involves numerous physicians who are licensed to practice medicine in Texas. Therefore, the local interest in having this matter adjudicated in Texas would be far more compelling in that forum.

With respect to public policy, Texas presumably has a tremendous interest oversight of the manner in which its physicians maintain and grow their practices. In this regard, it is also presumable that said State would want to curtail potential fraud and corruption from being committed by others conducting business within its borders. Because these issues are so directly intertwined with the core facts presented in the Pennsylvania cases, public policy favors transfer.

---

[8] *See supra* note 1.

Lastly, although the familiarity of the judges with applicable state law might not weigh heavily in favor of transfer, this case involves basic contract law, which any judge on the federal bench is presumed capable of applying to any given case.

Upon review of the foregoing factors, this Court finds it is in the interest of justice to transfer this matter to the United States District Court for the Northern District of Texas. *See Hall v. Ski Shawnee, Inc.,* Civ. No. 06-275, 2006 U.S. Dist. LEXIS 72741, *9-11 (E.D. Pa. Oct. 4, 2006) (concluding transfer was appropriate to "the district where the accident occurred and the contract was entered into, as well as the district in which Defendant is headquartered and conducts business" because the "action has a stronger connection" to said district).

## V.     Conclusion

For the reasons set forth above, Defendants' Motions to Transfer shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II     J.